IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CYNTHIA FINLEY §
    *Plaintiff,* §
 §
V §
 §
LANDSTAR INWAY, INC. and §
KENNETH RAY LEYDIG §
    *Defendants* § | CIVIL ACTION NO. 3:22-cv-432 |

## DEFEDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **LANDSTAR INWAY, INC. and KENNETH RAY LEYDIG,** Defendants in the above-referenced matter, and file this their Notice of Removal under 28 U.S.C. § 1332(a).

## I.
## INTRODUCTION

1. Plaintiff Cynthia Finley is a citizen of the State of Texas, and upon information and belief, is a resident of Dallas County, Texas.

2. Defendant Landstar Inway, Inc. is a business incorporated in Delaware with its principal place of business in Jacksonville, Florida.

3. Defendant Kenneth Ray Leydig is a citizen of the state of Florida.

4. Plaintiff has sued Defendants in the 40th Judicial District Court of Ellis County, Texas, Cause No. 107534 asserting negligence on the part of Defendant Leydig and *respondeat superior* on the part of the Defendant Landstar Inway, Inc.

5. Defendant Landstar Inway, Inc. was served with suit on January 24, 2022, Defendant Kenneth Ray Leydig was served on January 28, 2022. Defendants, therefore, have

filed this Notice of Removal within the thirty-day time period required by federal law.

## II.
## BASIS FOR REMOVAL

9. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332. This action is one which is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiff is a citizen of the State of Texas and the Defendants are (1) an individual citizen of Florida and (2) Landstar Inway, Inc. incorporated in Delaware, with principal offices and corporate headquarters in Jacksonville, Florida.

10. For diversity purposes, a person is considered a citizen of the state where that person is domiciled. Additionally, for diversity purposes, a corporation is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. §1332(c)(1). Because the Plaintiff does not share citizenship with any of the Defendants in any state, removal is proper on diversity grounds.

11. The Defendants are now and were at the time the removed action was commenced, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332. Accordingly, because this notice of removal has been filed within thirty days after the receipt of a copy of the initial pleading setting forth the claim for relief, this removal is proper and timely under 28 U.S.C. §1446(b).

12. The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00). Plaintiff's Original Petition, attached to this Notice, alleges damages "over $250,000 but not more than $1,000,000." This Court, however, may determine that the damage claims in the complaint exceed the minimum amount if (1) it is apparent on the face of the complaint that the amount of the Plaintiff's damages are likely to be above the minimum amount; (2) the Defendants offer evidence that the claim would

exceed the minimum amount, based on direct knowledge of the claim; and (3) the Plaintiff does not contest removal with a sworn affidavit that the damages are below the minimum amount. *DeAguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993).  Based upon the evidence attached to this Notice of Removal supporting that the claim exceeds the minimum amount, the burden now shifts to the Plaintiff to demonstrate otherwise before remand would be proper on this ground.  *See DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

13. All pleadings, process, orders, and all other filings in the State Court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

14. The United States District Court for the Northern District of Texas, Dallas Division, embraces Ellis County, Texas, the place where the State Court Action was filed and is pending. This statement is not meant as a waiver of any argument that venue is improper in the location in which the State Court Action was filed, but merely demonstrated the propriety of removing the action to this federal judicial district.

15. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action has been pending.

16. Defendants hereby demand a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, **LANDSTAR INWAY, INC. and KENNETH RAY LEYDIG** as parties in diversity with the Plaintiff, respectfully request that this action be immediately and entirely removed upon filing this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**COX P.L.L.C.**

_[signature]_

**CLINTON COX**
State Bar No. 24040738
ccox@coxpllc.com
Joel A. Richmond
State Bar No. 24065974
jrichmond@coxpllc.com
8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
[Tel] (214) 444-7050
[Fax] (469) 340-1884

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing instrument has been served to all attorneys of record in the above-entitled and numbered cause, in accordance with the Federal Rules of Civil Procedure on this the 23rd day of February 2022.

_/s/ Joel Richmond_
Joel Richmond